JUAN HERNÁNDEZ RODRÍGUEZ, Plaintiff and Appellee, *v.* ANA DELIA RODRÍGUEZ, Defendant and Appellant.

No. 11007.   Argued February 1, 1954.—Decided June 30, 1954.

*Antonio J. Matta* for appellant. *Carmelo Ávila Medina* and *Ángel Luis Saavedra* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On October 10, 1952 plaintiff brought this action alleging in its pertinent part that he married the defendant in March 1952 in Fajardo, no children having been born or property acquired that the defendant has for sometime been "living in concubinage with another man in the Barriada Media Luna of Fajardo," a fact which is public and notorious.

The defendant answered admitting the marriage and the fact that no children were born or any property acquired, denying the other averments, and alleging as special defense that the complaint did not state facts sufficient to constitute a cause of action.

After a trial on the merits, the lower court sustained the complaint and, on appeal, the defendant alleges that the court erred (1) in overruling the defense that the complaint did not state facts sufficient to constitute a cause of action; (2) in refusing to strike out the testimony of Félix Díaz; (3) in not holding that there was reconciliation between the parties and condonation of the alleged adultery.

In support of the first assignment appellant maintains that the court should have required plaintiff "to state specifically in the complaint the time, place and person with whom the adultery was committed."

Although the complaint does not specify the dates of the illicit relations between the defendant and the *particeps criminis*, nor his name or the house or particular place where they took place, the elements of time and place and the nature of the alleged cause are nonetheless present there.

The allegation that "the defendant has for sometime been living in concubinage with another man in the Barriada Media Luna of Fajardo, Puerto Rico," coupled with the previous allegation that she was married to plaintiff, is sufficient to constitute the ground of adultery, an act defined in the Penal Code as "whoever being married, shall voluntarily have sexual intercourse with a person other than the offender's husband or wife." By the word "concubinage" is meant the act of a man cohabiting in sexual intercourse with a woman, *State* v. *Baldwin*, 113 S. W. 1123, 1126, 214 Mo. 290; *Succession of Lannes*, 174 So. 94, 98, 187 La. 17; *Henderson* v. *People*, 17 N. E. 68, 124 Ill. 607; *State* v. *Bussey*, 50 Pac. 891, 58 Kan. 679; *Cf. King* v. *United States*, 55 F. 2d 1058, and when it is used in an averment with respect to a married woman it warrants a charge of adultery. The phrases "for sometime" and "has been" express continuity in the illicit relations allegedly existing on the date of the filing of the complaint, even though their commencement is not determined. And the reference to

"Barriada Media Luna of Fajardo" is an expression of the place. In any of these circumstances, as well as in the failure to name the *particeps criminis*—even though no allegation is made that it is unknown, 2 A.L.R. 1625—defendant could have secured additional details either by bill of particulars or through interrogatories, which she did not do.

■ The ground for the second assignment may be summed up as follows: (1) since the *particeps criminis* was not named, the testimony of Félix Díaz was not competent, and (2) his testimony was inadmissible, for that witness never testified that the adulterous acts were committed in the Barriada Media Luna of Fajardo. It was pointed out above that it was not necessary to name the *particeps criminis*, and that the defendant could have secured a bill of particulars in connection therewith and other points of the pleadings. The failure to do so did not render the witness' testimony incompetent or inadmissible. And although it is true that he testified that he had had no sexual relations *in the house* with the defendant, he did testify that he used to go out with her in "San Rafael as well as in Media Luna," that they had sexual intercourse, "that we cohabited in the car," that they had "marital relations" during three or four months "three or four times" while she lived on San Rafael Street in Fajardo, that defendant moved thereafter to Media Luna, where he called on her two or three times but had no sexual relations with her in the house.[1]

■ In a suit for divorce on the ground of adultery it is at times difficult, if not impossible, in view of the secret and furtive nature of the relations, to find any definite time and place at which the offense was committed. Such definiteness is not necessary if the court is convinced that

---

[1] Plaintiff's evidence further established that they had sexual relations in the car on "the ramparts of Quebrada Palma" of Fajardo, that they were seen together "as husband and wife," and that sometimes they hired a cabin in Valencia, in Humacao.

adultery actually took place. *Rener* v. *Rener*, 177 Md. 689, 12 A. 2d 195.

■■ The third assignment is based on the following finding of fact: "Last Tuesday evening, November 18, plaintiff called at defendant's house in the ward of Media Luna of Fajardo and slept with her. This evidence for the defense has not been controverted by plaintiff and there is no reason for disregarding it."

However, among its conclusions of law the trial court announced the following: "In the instant case the facts proven are clear, positive, and convincing and constitute conclusive evidence that the defendant committed adultery. And it is not possible, in our judgment, to admit as sufficient evidence, for the purpose of establishing the existence of reconciliation or condonation, the assertion made by defendant that she had sexual intercourse with her husband subsequent to the facts determinative of infidelity."

The trial court did not commit the error under consideration. In view of the facts of this case, the doctrine prevailing in this jurisdiction was rightly applied by that court: the mere forgiveness of the wrong is not sufficient, but it is necessary that the union be continued and the conjugal rights re-established in such a manner as to reinstate the guilty party in the position he or she occupied before the commission of the offense. *Díaz* v. *Torres*, 17 P.R.R. 476; *Bravo* v. *Franco*, 2 P.R.R. 422, 430. Reconciliation, as employed in §§ 103 and 104 of the Civil Code, means to blot out the offense charged in such a manner as to reinstate the wrongdoer, as respects the injured party, in the position he or she occupied before the act of adultery was committed. *Garrosi* v. *Dastas*, 2 P.R.R. 522, 527. The forgiveness of the wrong and the reconciliation of the parties must be established by sufficient evidence without leaving room for doubt. *Bravo* v. *Franco*, *supra*, and *Garrosi* v. *Dastas*, *supra*. The evidence in the instant case does not warrant

an assertion that the possible sexual relation which took place three days before the trial of the case on its merits, placed the wife, with respect to the husband, in the position which she occupied before the commission of the offense. Neither was the union continued nor the conjugal relations and rights permanently re-established.

Since none of the errors assigned were committed, the judgment will be affirmed.